Case 4:20-cr-00612   Document 114   Filed on 09/05/24 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
September 06, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal Action No. 20-612 |
| | § | |
| GREGORY EUGENE BAKER | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is defendant Gregory Eugene Baker's *pro se* motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) (Docket Entry No. 110), to which the Government has filed a response in opposition (Docket Entry No. 112).

Having considered the motion, the response, the record, and the applicable law, the Court **DENIES** the motion for the reasons shown below.

**I. BACKGROUND**

A jury found defendant guilty of receipt of child pornography and possession of child pornography.[1] On July 18, 2022, the Court sentenced him to two concurrent 90-month terms of imprisonment, followed by a five-year term of supervised release. Restitution was ordered in the amount of $41,000.00, payable to the twelve child victims. Defendant's convictions and sentences were affirmed on appeal. *United States v. Baker*, Appeal No. 22-20216 (5th

---

[1] Although defendant disingenuously states in his motion that he was convicted of "receipt and possession of underage material," he admits he was convicted of a sex offense for purposes of section 4C1.1(a)(5). (Docket Entry No. 110, p. 2.)

Cir. June 16, 2023). The Bureau of Prisons currently reports defendant's anticipated release date as September 16, 2028.

Defendant argues he is entitled to a sentence reduction under amended Part B, Subpart 1 of Amendment 821 to the Sentencing Guidelines for zero point offenders. The Government responds that defendant does not meet the requirements for a sentence reduction.

## II. ANALYSIS

Part B, Subpart 1 of Amendment 821 creates United States Sentencing Guideline ("U.S.S.G.") § 4C1.1. The new guideline provides a decrease of two offense levels for "zero point offenders"—those with no criminal history points—whose offense did not involve any of the enumerated aggravating factors listed in sections 4C1.1(a)(2) through (a)(10).

The Government agrees that defendant received no criminal history points for purposes of section 4C1.1. However, it argues that defendant is not eligible for a sentence reduction because he does not meet the requirements of section 4C1.1(a)(5). Under section 4C1.1(a)(5), a defendant is eligible for the zero point reduction only if "the instant offense of conviction is not a sex offense." U.S.S.G. § 4C1.1(a)(5). Defendant was convicted of receiving and possessing child pornography, which is a sex offense for purposes of the sentencing guidelines. *See* U.S. SENT'G GUIDELINES MANUAL, § 4C1.1(b) (U.S. SENT'G COMM'N 2023). The Court further finds that, independent of but with due deference to, the

Sentencing Commission's policy statements and interpretations, receipt and possession of child pornography is a sex offense for purposes of eligibility under section 4C1.1(a)(5).

Consequently, defendant is not eligible for a sentence reduction under the zero point offender provisions of U.S.S.G. § 4C1.1. Because defendant is not entitled to a sentence reduction, the Court will not undertake consideration of any applicable section 3553(a) sentencing factors.

### III. CONCLUSION

Defendant's motion for a sentence reduction (Docket Entry No. 110) is **DENIED**.

Signed at Houston, Texas, on this the 5th day of September, 2024.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE